JOHN J. MCGRATH, APPELLANT, V. PAUL LOGAN MOTOR COMPANY, A PARTNERSHIP, ET AL., APPELLEES.

95 N. W. 2d 543

Filed March 20, 1959. No. 34538.

*Ginsburg, Rosenberg & Ginsburg* and *Norman Krivosha,* for appellant.

*McCown, Wullschleger & Baumfalk,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a replevin action instituted by the plaintiff to recover possession of a 1952 Studebaker two-ton truck. The trial court found as a matter of law that defendants were entitled to the possession of the truck. The plaintiff has appealed. Other matters determined by the judgment entered by the trial court are not in issue on this appeal if the judgment awarding the possession of the truck to the defendants is correct.

On May 15, 1957, the plaintiff purchased the truck, which is the subject of the action, from the defendants for the sum of $1,400. Defendants agreed to take plaintiff's older truck as a part payment in the amount it could be sold for, over and above the cost of reconditioning, but not less than $300. Plaintiff executed a note and chattel mortgage on the truck for $1,100, bearing interest at 8 percent and due on August 15, 1957. The evidence shows that plaintiff was entitled to credit for his old truck in the amount of $300.

In October 1957, plaintiff discovered that the truck's differential was defective. Plaintiff contended that defendants warranted the truck to be in good condition, and asserted that it was not. The dispute was resolved on or about November 12, 1957, by an agreement that defendants would repair the truck and each would pay one-half the cost. The defendants repaired the truck at a cost of $102.52, the plaintiff agreeing to pay $51.26 thereof. When the repairs were completed plaintiff offered to pay the $51.26 as his share of the repairs. The defendants refused to accept the money and release the truck until the balance due on the note and

chattel mortgage was paid. Plaintiff claimed that the note had been extended for 6 months and that there was nothing due thereon. Defendants denied that the note was extended. The plaintiff thereupon commenced this action and took possession of the truck on a writ of replevin.

It is clear that if the note was past due, the defendants were entitled to the possession of the truck under the terms of the chattel mortgage. It is true, also, that if the due date of the note had been extended beyond the date the defendants attempted to take or retain possession under the mortgage, the defendants would have no right of possession of the truck by virtue of their chattel mortgage. The only question for determination is whether or not the note was extended as claimed by the plaintiff.

There is evidence in the record that defendants orally agreed to extend the due date of the note for 6 months. Defendants contend, as the trial court found, that plaintiff's evidence shows there was no consideration for any extension of time for the payment of the note and that any purported agreement to extend was therefore void for that reason.

The plaintiff paid the defendants $547.24 on October 23, 1957. The defendants state in their brief that $500 was to be applied on the principal of the note, $39.34 in payment of interest, and $7.90 as payment of an open account owing to defendants. The $500 and $39.34 were amounts due under the note. It is claimed that the item of $7.90 was in payment of a separate obligation and was entirely separate from the note transaction. If this be true, the plaintiff paid nothing that was not then due on the note to secure an extension. Plaintiff asserts that the record does not support a finding that the $7.90 was in payment of a separate obligation. Even so, it is not a controlling factor in the present case. The burden of proof is upon the plaintiff and not the defendants to show a valid extension of the note. He

has not carried that burden and we find that the evidence does not show any consideration for the purported extension agreement.

The plaintiff urges that evidence of an oral agreement to extend the time of payment of the note is not in violation of the parol evidence rule. This is, of course, a correct statement. The subsequent oral agreement to extend the time of payment must however possess all the elements essential to the execution of a valid contract. It must be supported by a good and sufficient consideration if it is to have a binding effect upon the parties. We find nothing in the evidence that constitutes the consideration necessary to a binding agreement. 8 Am. Jur., Bills and Notes, §§ 293, 294, pp. 34, 35.

We conclude that defendants were entitled to the possession of the truck under the terms of their chattel mortgage, the note being in default of payment in accordance with its terms. The claim that the due date of the note had been extended for 6 months fails for the reason that plaintiff's evidence fails to show a consideration for the purported extension agreement. The trial court properly directed a verdict for the defendants on the question of the right of possession of the truck.

AFFIRMED.